# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT JACKSON

### AUGUST SESSION, 1997

FILED

December 1, 1997

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| **THOMAS E. CANTY,** | ) | C.C.A. NO. 02C01-9703-CR-00111 |
| | ) | |
| Appellant, | ) | |
| | ) | **SHELBY COUNTY** |
| | ) | |
| **V.** | ) | |
| | ) | **HON. JOSEPH B. DAILEY, JUDGE** |
| **STATE OF TENNESSEE,** | ) | |
| | ) | |
| Appellee. | ) | **(POST-CONVICTION)** |

FOR THE APPELLANT:

**ROBERT C. IRBY**
4345 Mallory Avenue East
Memphis, TN 38111

FOR THE APPELLEE:

**JOHN KNOX WALKUP**
Attorney General & Reporter

**KENNETH W. RUCKER**
Assistant Attorney General
2nd Floor, Cordell Hull Building
425 Fifth Avenue North
Nashville, TN 37243

**JOHN W. PIEROTTI**
District Attorney General

**TERRELL L. HARRIS**
Assistant District Attorney General
201 Poplar Avenue, Ste. 301
Memphis, TN 38103

OPINION FILED _____

AFFIRMED

THOMAS T. WOODALL, JUDGE

# OPINION

The Petitioner, Thomas E. Canty, appeals as of right from the trial court's denial of his Petition for Post-Conviction Relief. In his sole issue on appeal, the Petitioner argues that the trial court erred in denying the petition. We affirm the judgment of the trial court.

On September 22, 1993, Petitioner pled guilty to seven (7) counts of aggravated robbery, one (1) count of aggravated kidnapping, and one (1) count of attempted especially aggravated robbery in the Criminal Court of Shelby County. These were entered pursuant to a negotiated plea agreement wherein he received an eight (8) year sentence for each conviction, all to run concurrently with each other, except for the especially aggravated robbery conviction which was ordered to be served consecutively. He received an effective sentence of sixteen (16) years. Approximately two (2) years later, Petitioner filed his petition for post-conviction relief.

The only testimony at the evidentiary hearing was from the Petitioner and his trial counsel. The trial court entered an order denying the petition for post-conviction relief after the evidentiary hearing. At the evidentiary hearing, Petitioner testified that his trial counsel failed to obtain discovery, failed to file motions, failed to properly investigate the case, failed to adequately confer with him, and failed to properly advise him as to the nature of the guilty pleas that he ultimately entered. The trial court specifically found in its order that near the end of Petitioner's testimony, Petitioner conceded that the only matters that actually

concerned him were that he was innocent of the kidnapping charge and should not have been allowed to plead guilty to that offense, and that he did not fully understand the nature of consecutive sentencing.

Trial counsel's testimony contradicted the Petitioner's testimony in virtually every aspect. The trial court specifically found from the entire record, the transcripts of the guilty plea hearing, and all other relevant exhibits and information, that trial counsel did an outstanding job in representing the Petitioner. The trial court also found that Petitioner was fully aware that he would receive consecutive sentencing for an effective sentence of sixteen (16) years, and that the only way to receive the offer of sixteen (16) years would be for him to plead guilty to the kidnapping charge. The trial court also found that at the time Petitioner entered his guilty pleas that he had been fully informed of his rights, the nature of his pleas, and the consequences thereof. The court specifically made a finding of fact that trial counsel had provided excellent representation fully within the scope of Baxter v. Rose, 523 S.W.2d 930 (Tenn. 1975).

The findings of fact made by a trial judge in post-conviction hearings are conclusive on appeal unless the appellate court finds that the evidence preponderates against the judgment. Butler v. State, 789 S.W.2d 898, 899 (Tenn. 1990). This Court is satisfied that Petitioner was fully aware of the consecutive sentencing, and that in order to receive the sixteen (16) year offer extended by the State that he would plead guilty to all of the charges pending against him, including the kidnapping charge. The record clearly shows that Petitioner entered these guilty pleas after having been fully informed of his rights,

the nature of his pleas, and the consequences thereof.  The record also clearly shows that Petitioner did receive the effective assistance of counsel.

Accordingly, we affirm the trial court's order denying post-conviction relief.

_____
THOMAS T. WOODALL, Judge

CONCUR:

_____
DAVID G. HAYES, Judge

_____
JERRY L. SMITH, Judge